OPINION
JACKSON, District Judge.
Mitchell, Best & Visnic, Inc. (“MBV”), a builder and sales agent of residential real estate and the plaintiff below, appeals the district court’s order granting summary judgment to the defendant, Travelers Property Casualty Corporation (“Travelers”), on MBV’s claim that Travelers had a duty to defend it in another law suit under the terms of a general liability insurance policy. We affirm.
This court reviews de novo a district court’s order granting summary judgment and construes the facts in the light most favorable to the nonmoving party. Scheduled, Airlines Traffic Offices, Inc. v. Objective, Inc., 180 F.3d 583, 590-91 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Once the moving party discharges its burden by showing there is an absence of evidence to support the non-moving party’s case, Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The liability policy that MBV purchased from Travelers contains the following relevant language:
We will pay those sums that the insured becomes legally obligated to pay as dam *77 ages because of “bodily injury” or “property damage” to which this insurance applies. We will have the right and duty to defend any “suit” seeking those damages.
This insurance applies to “bodily injury” and “property damage” only if:
(1) The “bodily injury” or “property damage” is caused by an “occurrence” that takes place in the “coverage territory;”
“Property damage” means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the “occurrence” that caused it.
MBV became involved in a suit which involved the interpretation of restrictive covenants in a subdivision where it was building several homes; the issue was whether those homes were too big and therefore violated the covenants. MBV argued in the case at bar that these claims in the underlying suit had the potential, however remote, of resulting in a tear down order, which it asserted would constitute an “occurrence” that caused “property damage” under the policy. Travelers refused to defend MBV or cover its damages in this case. As a result, MBV brought the instant suit seeking a declaratory judgment that Travelers had a duty to defend and pay damages arising from the underlying suit, arguing that a claim that amounted to “loss of enjoyment” in the underlying suit qualified as “property damage” under the insurance contract. The district court granted summary judgment for Travelers on the ground that the underlying suit did not state a claim for' “property damage” because loss of enjoyment is insufficient to establish “property damage” which, under the insurance contract in this case, requires physical injury to, or loss of use of, tangible property. Therefore, the district court held that the underlying suit did not qualify for coverage under the policy.
Under Maryland law, an insurance company has an affirmative obligation to defend the insured when there exists a potential that a claim in the underlying suit could be covered under the policy (the “potentiality rule”). Warfield-Dorsey Co., Inc. v. Travelers Cas. & Sur. Co. of Illinois, 66 F.Supp.2d 681 D. Md.1999). In the case at bar, the district court, using Maryland law, applied the test in St. Paul Fire & Marine Insurance Co. v. Pryseski, 292 Md. 187, 438 A.2d 282 (1981), to determine whether the insurer in this case had a duty to defend its insured. That test asks the following two questions: 1) what is the coverage and what are the defenses under the terms and requirements of the insurance policy? 2) do the allegations in the tort action potentially bring the tort claim within the policy’s coverage? Id. The first question deals with the language and requirements of the insurance policy, while the second question focuses on the allegations in the underlying suit. Id. at 193, 438 A.2d 282. The district court found that MBV satisfied the second prong, but failed under the first prong because it held that “property damage” under the terms of the contract did not include any damages that could potentially spring from the underlying suit, thereby relieving Travelers of its duty to defend. The district court having correctly determined and applied the law to the facts of this case, we see no need to repeat that process here.
Accordingly, we affirm the district court’s order based on its reasoning as *78 articulated in its Memorandum Opinion of November 27, 2000, granting summary judgment for the Defendant.

AFFIRMED.